J-S46033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRIN M. BATTLE, | : | |
| | : | |
| Appellant | : | No. 1979 MDA 2013 |

Appeal from the Judgment of Sentence entered on August 13, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0000273-2013

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 20, 2014**

Darrin M. Battle ("Battle") appeals from the judgment of sentence imposed following his conviction of one count each of delivery and possession with intent to deliver a controlled substance.[1]  Additionally, Paul Galante, Esquire ("Attorney Galante"), Battle's counsel, has filed a Motion to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We vacate Battle's judgment of sentence, remand for further proceedings, and deny Attorney Galante's Motion to Withdraw as Counsel.

Battle was arrested after selling heroin to a confidential informant. Following a trial, a jury convicted Battle of the above offenses.  At sentencing, the trial court found that the drug sale took place within 1000

---

[1] ***See*** 35 P.S. § 780-113(a)(30).

feet of a school, and applied the school zone sentencing enhancement[2] before sentencing Battle to serve 24 to 60 months in prison. Battle filed a post-sentence Motion to Modify Sentence, which the trial court denied on September 17, 2013. On October 10, 2013, Battle's trial counsel timely filed a Notice of Appeal. On October 15, 2013, Battle's trial counsel filed a Petition to Withdraw as counsel. On that same date, the trial court granted trial counsel's Petition to Withdraw, and appointed Attorney Galante as appellate counsel.

Attorney Galante has filed a brief pursuant to **Anders** which raises the following questions for our review:

1. Did the [trial] court err in denying [Battle's] [M]otion for a [N]ew [T]rial based upon [Battle's] argument that the evidence was insufficient as a matter of law to convict [Battle] of delivery of a controlled substance?

2. Did the [trial] court err in denying [Battle's] claim that the jury's verdict was against the weight of the evidence?

**Anders** Brief at 4. Attorney Galante filed a separate Motion to Withdraw as Counsel on May 13, 2014. Battle filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is

---

[2] **See** 18 Pa.C.S.A. § 6317.

frivolous and wishes to withdraw from representation, he/she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

- 3 -

Here, Attorney Galante has substantially complied with each of the procedural requirements of **Anders**. Attorney Galante indicates that he reviewed the record and determined that an appeal would be frivolous. Further, Attorney Galante's **Anders** brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, the record contains a copy of the letter that Attorney Galante sent to Battle, advising him of his rights to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Galante's intention to seek permission to withdraw.

Before we may address the merits of the issues raised in the **Anders** Brief, we must first determine whether Battle has preserved any claims for appellate review. Whenever the trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), the appellant must comply in order to preserve his claims for appellate review. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). A failure to file a timely Rule 1925(b) concise statement after entry of an order requesting the statement, regardless of the length of the delay, results in automatic waiver. **See Commonwealth v. Thompson**, 39 A.3d 335, 338 (Pa. Super. 2012). A failure by appointed counsel to file a timely court-ordered concise statement on behalf of a criminal appellant constitutes *per se* ineffectiveness. **Id**. at 340. Under Rule 1925(c)(3), the remedy for *per se* ineffectiveness in criminal cases is no longer collateral relief, but to

- 4 -

remand to the trial court for the filing of a Rule 1925(a) opinion addressing the issues raised in an untimely Rule 1925(b) concise statement. *Id*. at 341.

Here, the trial court ordered Battle to file a Rule 1925(b) concise statement of matters complained of on appeal on or before November 7, 2013. Attorney Galante did not file a Concise Statement on behalf of Battle until December 19, 2013. Thereafter, the trial court entered its Pa.R.A.P. 1925(a) Opinion, wherein it refused to address the issues raised in the untimely Concise Statement filed by Attorney Galante.

Attorney Galante's failure to file the Concise Statement within the court-ordered deadline constitutes *per se* ineffective assistance of counsel. *See Thompson*, 39 A.3d at 340. Ordinarily, we would remand for the trial court to file a Rule 1925(a) opinion addressing the issues raised in Battle's untimely Concise Statement. *See id*. However, our independent review of the record discloses a sentencing error made by the trial court when it applied the school zone sentencing enhancement, 18 Pa.C.S.A. § 6317.

In *Alleyne v. United States*, 133 S. Ct. 2151, 2155-56, 2163 (2013), the United States Supreme Court ruled that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the jury and found beyond a reasonable doubt. The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions

constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard. **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*); **see also id**. at 117 n.4 (wherein this Court lists the statutes, including section 6317, that are unconstitutional due to the **Alleyne** decision).[3]

Instantly, the jury issued no finding as to whether Battle committed the offenses of delivery and possession with intent to deliver within 1,000 feet of a school. **See** 18 Pa.C.S.A. § 6317(a). Pursuant to **Alleyne**, the trial court erred by deciding this point at sentencing, as a sentencing factor under section 6317(b). **See** N.T., 8/13/13, at 21. Accordingly, we vacate Battle's judgment of sentence and remand for resentencing.[4] Further, because

---

[3] A sentencing claim that invokes the reasoning of **Alleyne** implicates the legality of the sentence. **Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013). Although Battle failed to raise this claim in either his post-trial Motion to Modify Sentence or his Concise Statement, a challenge to an illegal sentence cannot be waived and may be reviewed *sua sponte* by this Court. **Commonwealth v. Mears**, 972 A.2d 1210, 1211 (Pa. Super. 2009).

[4] Upon remand, the trial court may conduct a sentencing hearing, if necessary. If Battle chooses to appeal his judgment of sentence, he may pursue the claims raised in his Concise Statement (and any others he may wish to raise) by filing a timely notice of appeal. Upon any further appeal, counsel is directed to observe the dictates of Pa.R.A.P. 1925(b).

Battle's appeal is not frivolous, we deny Attorney Galante's Motion to Withdraw as Counsel.[5]

Judgment of Sentence vacated; case remanded for further proceedings consistent with this Memorandum. Motion to Withdraw as Counsel denied. Jurisdiction relinquished.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014

---

[5] Upon remand, the trial court may appoint new counsel for Battle, if necessary.