J-S36005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JUAN CARLOS GONZALEZ | |
| Appellant | No. 2072 MDA 2015 |

Appeal from the Judgment of Sentence November 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002032-2012
CP-36-CR-0002033-2012

BEFORE:  DUBOW, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                **FILED AUGUST 31, 2016**

Appellant, Juan Carlos Gonzalez, appeals from the judgment of sentence of 17-34 years' incarceration, imposed after he pled guilty to four counts of robbery.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous. After careful review, we affirm and grant counsel's petition to withdraw.

Appellant was charged with committing four felony robberies as follows:  on December 8, 2011, by placing a box cutter to the victim's throat

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

(charged at Dkt. No. 2032 of 2012); and between January 4-5, 2012, by displaying a BB gun at a flower shop, a jewelry store, and a grocery store (charged under three counts at Dkt. No. 2033 of 2012). N.T., 10/10/12, at 3-4. On October 10, 2012, Appellant appeared before the trial court and entered his guilty plea. The Commonwealth explained that at the time of the robberies, Appellant was on parole for burglary, and had a history involving aggravated assault. *Id.* at 8. Appellant responded that at 46 years of age, he had been a heroin addict "for about a decade," expressed his remorse, and apologized for his crimes. *Id.* at 9-11.

In imposing Appellant's aggregate sentence of 17–34 years' incarceration, the trial court explained:

> [Appellant] is 46 years of age which shows sufficient maturity to understand the significance of his acts. [Appellant] has a limited education; however, certainly there's no indication here that he is incapable of understanding the rules of society and complying. He is able to read, write and understand the English language.
>
> He has a somewhat limited work history; however, there [are] indications that he has held jobs previously so it's certainly indicative of the fact that he is capable of following directions.
>
> [Appellant] does have a significant prior criminal history from the standpoint of the crime of violence and the burglary in there, as referenced by the Assistance District Attorney.
>
> I've reviewed the presentence report in detail. I've also considered the guidelines and penalties as authorized by the legislature.
>
> Finally, I have considered the character and statement of [Appellant], as well as the arguments of counsel.

> [Appellant], I would agree with the assessment of [the Commonwealth], there comes a point where one's behavior calls for the most serious remedies. You've had opportunities in the past to get your life in order, to deal with whatever problems are behind this behavior. For whatever reason, you've failed to take advantage of that and I think at this point the protection of society is what's paramount in my mind in terms of this sentence.

N.T., 10/10/12, at 11-12.

Appellant filed a timely direct appeal, after which the Superior Court affirmed his judgment of sentence. *Commonwealth v. Gonzalez* (Pa. Super. Sept. 27, 2013) (unpublished memorandum). On July 17, 2014, Appellant filed a petition for relief pursuant to the Post Conviction Relief Act (PCRA),[3] in which he referenced the U.S. Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The PCRA court appointed PCRA counsel on July 23, 2014. Counsel filed an amended PCRA petition on September 9, 2014, and asserted that Appellant was improperly sentenced to mandatory minimums in a manner that had been ruled unconstitutional pursuant to both *Alleyne* and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). The Commonwealth, in its June 18, 2015 response, stated it was "constrained to agree" that Appellant was entitled to be resentenced because his original sentence under Dkt. No. 2033 of 2012 included mandatory minimums pursuant to 42

---

[3] 42 Pa.C.S. §§ 9541-9546.

Pa.C.S. § 9712 of the Judicial Code, relating to offenses committed with firearms.

The trial court convened a resentencing hearing on November 16, 2015, and clarified that "the sentences that I previously imposed, now that there is no mandatory sentence involved, are actually within the mitigated range, if all we use are the guidelines." N.T., 11/16/15, at 3. The court additionally stated that it had reviewed correspondence from Appellant, and "re-reviewed the victim impact statements." *Id.* at 4. The court then heard from Appellant, and re-imposed an aggregate sentence of 17–34 years' incarceration. The court explained that the sentence was 7–14 years at Docket No. 2032 of 2012 and, at Docket No. 2033 of 2012, the sentence was 5–10 years at "each of Counts 1 through 3," with "Count 2 to be served consecutively to Count 1 [and] Count 3 to be served concurrently with the sentence imposed on Count 2." *Id.* at 5-6. Appellant filed his timely appeal on November 19, 2015.

In the *Anders* brief, counsel raises a single issue for our review:

> DID THE LOWER COURT IMPOSE A SENTENCE THAT IS
> FREE OF LEGAL ERROR?

*Anders* Brief at 4.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An *Anders* brief shall comply with the

requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client.

> Counsel must also provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally,

- 5 -

"this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnotes and citations omitted).

In this appeal, we observe that counsel's February 6, 2016 correspondence to Appellant indicates that counsel provided a copy of the **Anders** brief to Appellant and advised Appellant of his right to either retain new counsel or proceed *pro se* on appeal, and to raise "any additional points."

Further, counsel's **Anders** brief complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Counsel additionally advances relevant portions of the record that arguably support Appellant's claims on appeal. Ultimately, counsel cites his reasons and conclusion that Appellant's "claim is frivolous," and that he "finds no non-frivolous issues to present." **Anders** Brief at 9.[4]

We recognize, as did counsel, that "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (internal citation omitted), *appeal denied*,

---

[4] The Commonwealth has declined to file a brief in this matter.

87 A.3d 319 (Pa. 2014); *see also Anders* Brief at 6. Appellant has not challenged the validity of his guilty plea, and we agree with counsel that the oral colloquy conducted by the trial court at the time of Appellant's plea was sufficient to assure that the plea was properly made.

Appellant generally asserts that his sentence is illegal. *Anders* Brief at 4, 5. "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

Our review of the record confirms that Appellant entered a guilty plea to four counts of robbery, each with possession or use of a deadly weapon. At resentencing, the trial court imposed an aggregate sentence of 17-34 years' incarceration. Counsel correctly observed that Appellant's sentence falls "within the maximum penalties permitted by law and . . . within the recommended guideline sentencing range for each respective charge." *Anders* Brief at 6. As noted above, the trial court explained at resentencing that "the sentences I previously imposed, now that there is no mandatory sentence involved, are actually within the mitigated range if all we use are the guidelines." N.T., 11/16/15, at 3. The court also stated that it had re-reviewed information provided at Appellant's original sentence. *Id.* at 4.

It is well-settled that a sentence is illegal when it is not statutorily authorized or it exceeds the statutory maximum sentence. *Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2009). Such is not the case

before us. Appellant pleaded guilty to robbery under 18 Pa.C.S. § 3701(a)(1)(ii), which applies to a person who commits a theft while "threaten[ing] another with or intentionally put[ting] him in fear of immediate serious bodily injury." A robbery under that provision is a felony of the first degree, *id.* § 3701(b)(1), and the maximum sentence is 20 years, *id.* § 1103(1). The trial court imposed a sentence — 7 to 14 years at Docket No. 2033 of 2012, and 5 to 10 years on each count at Docket No. 2034 of 2012, with the third count to run concurrent to the second — that was below this statutory maximum. The trial court calculated the standard sentence ranges for the robbery convictions by applying deadly weapon sentencing enhancements, and at neither docket did the court impose a minimum sentence that was more than one-half of the maximum sentence. The sentence was therefore lawful under 42 Pa.C.S. § 9756(b)(1).

Based on the foregoing, we agree with counsel that the illegal sentence issue raised by Appellant lacks merit. In addition, we have reviewed the certified record consistent with *Flowers* and have discovered no additional arguably meritorious issues. Accordingly, we grant counsel's petition to withdraw, and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/2016