**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Gregory MEARS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 27, 2009.

Filed May 4, 2009.

Peter Rosalsky, Philadelphia, for appellant.

Susan Willcox, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

BEFORE: KLEIN and SHOGAN, JJ., and McEWEN, P.J.E.

OPINION BY SHOGAN, J.:

¶ 1 Appellant, Gregory Mears, appeals from the judgment of sentence entered on March 18, 2008, in the Philadelphia County Court of Common Pleas. After careful review, we vacate in part and affirm in part.

¶ 2 The trial court set forth the relevant facts and procedural history of this matter as follows.

Appellant Gregory Mears appeared before this court on January 8, 2008 for a waiver trial. Following the trial, Appellant was found guilty of Violation of the Uniform Firearms Act §§ 6105, 6106, and 6108. The Appellant was sentenced to incarceration for [a] term of thirty (30) to sixty (60) months for count one (less one day) and twenty four (24) to forty eight (48) months for count two. The court ordered that the Appellant seek and maintain employment and ordered the Appellant to undergo a drug evaluation. The court conditioned the Appellant's parole or probation on his consent to random searches by the Gun Violence Task Force.

Trial Court Opinion, 5/15/08, at 1.

¶ 3 At sentencing, Appellant objected to that portion of the sentence that added the condition that Appellant be subject to random searches by the Gun Violence Task Force. Subsequently, Appellant filed a post-sentence motion challenging the random searches imposed as part of Appellant's sentence. The trial court denied the motion, and Appellant timely appealed.

¶ 4 On appeal, Appellant raises one issue:

Is not the trial court's sentencing order, authorizing random searches of [A]ppellant's residence as a condition of parole, contrary to statutory law and state and federal constitutional protections?

Appellant's Brief at 3. Because we conclude that this issue ultimately concerns the statutory authority for the imposition of a condition of sentence, this is a challenge to the legality of the sentence.[1] Challenges to an illegal sentence cannot be waived and may be reviewed *sua sponte* by this Court. *Commonwealth v. Merolla*, 909 A.2d 337, 347 (Pa.Super.2006).

The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette*, 911 A.2d 998, 1001–1002 (Pa.Super.2006) (internal citations omitted).

¶ 5 In the instant matter, the language in the sentencing order is as follows:

AND NOW, this 18th day of March, [2008], it is hereby ORDERED that as a condition of [Appellant's] probation and/or parole on the charge of Violation of the Uniform Firearms Act (VUFA), section 6105, and for the duration of [Appellant's] probation and/or parole period, [Appellant] is subject to random

---

1. The issue of whether the trial court possessed the authority to impose a particular sentence implicates the legality of the sentence. *Commonwealth v. Pinko*, 811 A.2d 576 (Pa.Super.2002), *appeal denied*, 574 Pa. 773, 833 A.2d 142 (2003).

searches of his/her residence. The search will be limited to the space occupied by [Appellant]. The searches will be conducted by the agents of the Gun Violence Task Force.

Sentencing Order 3/18/08.

¶ 6 First, we note that the trial court did not sentence Appellant to probation; thus, there can be no probation conditions. Secondly, because the court sentenced Appellant to a maximum term of incarceration of two or more years, Appellant's parole would be under the exclusive supervision of the Pennsylvania Board of Probation and Parole ("PBPP") and not the Court of Common Pleas. 61 P.S. § 331.17, *and see Commonwealth v. Camps*, 772 A.2d 70, 74 (Pa.Super.2001) (holding that "[I]t is well settled that the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years[.]"). Therefore, any condition the sentencing court purported to impose on Appellant's state parole is advisory only. *See* 61 P.S. § 331.18 (A judge in his discretion may make at any time any recommendation he may desire to the board respecting the person sentenced and the term of imprisonment said judge believes such person should be required to serve before a parole is granted to him, but a recommendation made by a judge as aforesaid respecting the parole or terms of parole of such person **shall be advisory only,** and no order in respect thereto made or attempted to be made as a part of a sentence shall be binding upon the board in performing the duties and functions herein conferred upon it.) (emphasis added).

¶ 7 After careful consideration, we are constrained to conclude that the portion of the sentence ordering random searches is of no legal force, as the trial court was without the authority to impose this condition. Any special condition of parole will be under the jurisdiction of the PBPP. Hence, the portion of Appellant's sentence that ordered random searches is vacated.

¶ 8 We note that the Commonwealth cites to *Commonwealth v. Lee*, 876 A.2d 408 (Pa.Super.2005) in support of its argument that this issue is not ripe for review. We conclude that *Lee* is distinguishable. In *Lee*, the issue was whether the appellant could introduce evidence at sentencing of the PBPP's policies on parole, as the appellant was concerned that he would not be paroled at the expiration of his minimum sentence. Upon review, this Court analyzed the issue under an admissibility of evidence standard—not justiciability. *Id.* at 414.

¶ 9 As set forth above, the sentencing court was without the authority to impose special terms and conditions of parole. Accordingly, that portion of the sentence that imposed conditions upon Appellant's parole is vacated. The balance of Appellant's sentence, which was not challenged on appeal, is affirmed. Because the aggregate sentence has not been disturbed, we need not remand for re-sentencing. *Commonwealth v. Henderson*, 938 A.2d 1063, 1068 (Pa.Super.2007).

¶ 10 Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.