J-S78006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY P. HARTZFELD, | |
| Appellant | No. 1356 WDA 2015 |

Appeal from the Judgment of Sentence Entered July 1, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000645-2014

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 29, 2016**

Randy P. Hartzfeld, Appellant, appeals *nunc pro tunc* from the judgment of sentence of 2½ to 5 years' incarceration, imposed after he was convicted of endangering the welfare of a child (EWOC).  On appeal, Appellant contends that the court imposed an illegal sentence by directing that Appellant may not have contact with the minor victim, or the victim's mother.  After careful review, we vacate in part and affirm in part.

Appellant's conviction stemmed from an incident that occurred when he was caring for the infant child of his fiancé while she was at work.  While watching the child, Appellant struck the infant's face, causing injuries to the

_____

[*] Former Justice specially assigned to the Superior Court.

baby. Appellant claimed that he had hit the child by accident while he was swinging his hand at a cat that was close to the baby.

At the close of Appellant's jury trial, he was found guilty of EWOC. On July 1, 2015, the court sentenced Appellant to the term of incarceration stated, *supra*. Notably, as will be relevant to our discussion herein, Appellant was *not* sentenced to any term of probation. Also pertinent to Appellant's issue on appeal, in the court's sentencing order, it directed that Appellant "shall have NO CONTACT with the victim and victim's mother." Sentencing Order, 7/1/15 (single page). Appellant filed a timely post-sentence motion, which the court denied. Appellant did not file an appeal within 30 days of the court's order denying his post-sentence motion; however, he did file a "Motion for Leave to File Notice of Appeal *Nunc Pro Tunc*," which the court granted.[1] Appellant then filed a *nunc pro tunc* notice of appeal, as well as a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court subsequently filed a Rule 1925(a) opinion.

Herein, Appellant presents one issue for our review:

[I]. Whether the trial court erred as a matter of law by exceeding its statutory sentencing authority where it imposed a period of incarceration, the maximum of which was over two years, and, as a special condition of sentence, [the court]

_____

[1] We point out that Appellant's motion should have been considered as a timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

- 2 -

ordered that Appellant have no contact with the victim and the victim's mother.

Appellant's Brief at 4 (unnecessary capitalization omitted).[2]

Initially, Appellant's issue essentially challenges the authority of the court to impose the no-contact provision of his sentence; thus, he is attacking the legality of his sentence. *See Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2009) ("Because we conclude that [Mears'] issue ultimately concerns the statutory authority for the imposition of a condition of sentence, this is a challenge to the legality of the sentence.") (citing *Commonwealth v. Pinko*, 811 A.2d 576 (Pa. Super. 2002) (stating that the issue of whether the trial court possessed the authority to impose a particular sentence implicates the legality of the sentence)).

> Challenges to an illegal sentence cannot be waived and may be reviewed *sua sponte* by this Court. *Commonwealth v. Merolla*, 909 A.2d 337, 347 (Pa. Super. 2006).
>
>> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.
>
> *Commonwealth v. Leverette*, 911 A.2d 998, 1001–1002 (Pa. Super. 2006) (internal citations omitted).

*Mears*, 972 A.2d at 1211.

---

[2] We note that the Commonwealth informed this Court that it would not be filing a brief in this case.

Here, Appellant contends that the 'no-contact' component of the trial court's sentencing order is illegal. He notes that the 'no-contact' condition is not part of any probationary sentence. Appellant also avers that the trial court cannot lawfully impose a no-contact condition as a term of his parole. Finally, Appellant contends that the trial court lacked statutory authority to impose the no-contact condition as a term of his incarceration.

After carefully reviewing Appellant's arguments and the applicable legal authority, we are compelled to agree with him that the no-contact condition of his sentence is illegal. First, a "sentencing court can order a no-contact condition on probation," as long as "that condition is reasonably calculated to aid in the defendant's rehabilitation." *Commonwealth v. Koren*, 646 A.2d 1205, 1209 (Pa. Super. 1994) (citing 42 Pa.C.S. § 9754(b)). Here, however, the court did not impose a term of probation; therefore, the no-contact order cannot be construed as a valid condition of a sentence of probation.

Second, the trial court imposed a sentence of 2½ to 5 years' imprisonment in a state correctional institution; thus, if Appellant is paroled, the Pennsylvania Board of Probation and Parole will have exclusive authority to determine the conditions of his parole. *See* 61 Pa.C.S. § 6132; *Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa. Super. 2011) (recognizing "that 'the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years'") (quoting *Mears*,

972 A.2d at 1211). In other words, the trial court lacked authority to set the terms of Appellant's parole, and "any condition the sentencing court purported to impose on Appellant's state parole is advisory only." *Coulverson*, 34 A.3d at 141-42 (quoting *Mears*, 972 A.2d at 1211); *see also* 61 Pa.C.S. § 6134(b)(1), (2) ("A recommendation made by a judge under paragraph (1) respecting parole or terms of parole of a person shall be advisory only. No order in respect to the recommendation made or attempted to be made as a part of a sentence shall be binding upon the board in performing the duties and functions conferred on it by this chapter."). Accordingly, to the extent that the no-contact order could be construed as a condition of Appellant's future parole, the court exceeded its sentencing authority in imposing that condition. Therefore, we must vacate the no-contact order in that regard. *Coulverson*, 34 A.3d at 142.

Third, we can find no statutory or other legal authority to support the court's imposition of the no-contact order as a special condition of Appellant's sentence of incarceration.[3] No provision of the Sentencing Code authorizes a trial court to impose conditions on a term of incarceration. The Legislature's silence on this issue is significant, especially considering its enactment of a statute that explicitly provides the court with authority to impose conditions on terms of probation. *See* 42 Pa.C.S. § 9754(b). We

---

[3] The no-contact provision is clearly a component of Appellant's sentence, as it is set forth in the court's sentencing order.

reiterate that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Mears*, 972 A.2d at 1211; *see also Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003) (quoting *Commonwealth v. Alexander*, 811 A.2d 1064, 1065 (Pa. Super. 2002) (citation omitted)).

Because no statute provides the trial court with the authority to impose a no-contact condition on Appellant's sentence of incarceration, that provision of Appellant's sentence is illegal. Therefore, we vacate, in its entirety, the no-contact condition of Appellant's sentence. As our disposition does not in any way impact the term of incarceration imposed by the court, we need not remand for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) ("If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.").

Judgment of sentence vacated in part, affirmed in part. Jurisdiction relinquished.

Justice Fitzgerald joins this memorandum.

Judge Ott files a concurring/dissenting memorandum.

Judgment Entered

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016