J-S35016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANZELLE LEE BENITEZ | : | |
| | : | |
| Appellant | : | No. 1338 MDA 2017 |

Appeal from the Judgment of Sentence July 14, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005835-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.:              **FILED NOVEMBER 02, 2018**

A jury convicted Manzelle Lee Benitez of raping his girlfriend's friend ("the victim"). He complains the trial court erred in precluding him from presenting evidence about the victim's sexual activity shortly before the rape occurred, and that the court erred in imposing parole requirements. We conclude the court properly found Benitez had failed to follow the procedure set forth in Pennsylvania's Rape Shield Law, thus rendering his proffered evidence inadmissible. Also, any parole requirements imposed by the court are a legal nullity. We therefore reverse the judgment of sentence in part, but affirm in all other respects.

The primary factual dispute at trial was consent. The victim testified she repeatedly rebuffed Benitez's advances, and while he was assaulting her, she "told him no and … told him to stop." Benitez testified the victim came on to

him, and he digitally penetrated her for nearly four hours in a car before he had consensual oral and vaginal intercourse with her.

Prior to trial, the Commonwealth filed a motion *in limine*, seeking exclusion of certain evidence pertaining to the victim's character. Of most importance to this appeal, the Commonwealth sought to preclude Benitez from presenting evidence the victim had told the forensic nurse that she had engaged in consensual intercourse within five days of the rape.[1] Defense counsel filed a written response to the Commonwealth's motion, conceding, in relevant part, that evidence of prior consensual intercourse within five days prior to the rape was barred by the Rape Shield Law, 18 Pa. C.S.A. § 3104.

The court did not rule on the Commonwealth's motion until after a jury had been selected. At this time, defense counsel orally requested the court allow him to "explore" whether the injuries noted during the nurse's examination of the victim could have been caused by the prior consensual intercourse. The court denied defense counsel's request.

We review the trial court's ruling on the admissibility of evidence under the Rape Shield Law for a clear abuse of discretion. **See Commonwealth v. Burns**, 988 A.2d 684, 689 (Pa. Super. 2009). An abuse of discretion is more than a mere error of judgment. **See id**. To constitute an abuse of discretion,

---

[1] There is no indication in the record regarding who the victim had intercourse with, but the record is clear it was not Benitez. The victim met Benitez for the first time on the night of the rape.

the court must misapply the law or exercise its judgment in a manner that is manifestly unreasonable, partial, prejudiced, biased, or otherwise indicative of ill-will. **See id**.

Pennsylvania's Rape Shield Law provides, in pertinent part, as follows:

Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a). "The purpose of the Rape Shield Law is to prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim. The Rape Shield Law is intended to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." **Burns**, 988 A.2d at 689 (citations omitted). **See also** 4 Summ. Pa. Jur. 2d Criminal Law § 15:22 (2d ed.).

There are recognized exceptions to the Rape Shield Law. "[T]he Rape Shield law will bow to a defendant's right to confront and cross-examine when a specific proffer demonstrates that the proposed inquiry is intended to elicit relevant evidence, which is more probative than prejudicial, and which is not cumulative of other evidence[.]" **Commonwealth v. Nieves**, 582 A.2d 341, 347 (Pa. Super. 1990). However, to qualify for an exception, a defendant must file a written motion and an offer of proof prior to trial. **See** 18 Pa.C.S.A. § 3104(b); **Burns**, 988 A.2d at 690.

Here, Benitez concedes he did not file a written motion prior to trial seeking admission of this evidence. *See* Appellant's Brief, at 19-20. Even more, defense counsel conceded this evidence was precluded by the Rape Shield Law in his written response to the Commonwealth's motion. *See* Defense Response to Commonwealth's Motion in Limine, 2/6/17, at ¶¶ 15-18.

Even if Benitez had properly preserved this issue under the Rape Shield Law, he would be due no relief. He contends the evidence is admissible as it can explain the presence of certain injuries in the victim's genitals during the nurse's examination. He further correctly notes the forensic nurse acknowledged the injuries could have been caused by "rough" consensual intercourse. *See* N.T., Jury Trial, 41/12/17, at 228-229. However, Benitez testified he had consensual intercourse with the victim shortly before the examination. Thus, the evidence of any other consensual intercourse would have been merely cumulative evidence supporting Benitez's argument that the injuries noted on the victim could have resulted from consensual intercourse. It therefore would not have qualified for any exception to the Rape Shield Law.

In his second and final issue on appeal, Benitez contends the court erred by imposing conditions on his parole. Particularly, Benitez challenges the list of seventeen conditions listed on a form utilized by the Lancaster County Adult Probation and Parole Services.

The court sentenced Benitez to a term of imprisonment of four to eight years. During sentencing, the court noted Benitez had signed a form setting forth parole requirements of the Lancaster County Adult Probation and Parole Services. And it also opined those conditions applied to Benitez. **See** N.T., Sentencing, 7/14/17, at 21-22.

As the court concedes, it lacked the authority to impose any conditions on Benitez's parole, as his parole is under the exclusive jurisdiction of the Pennsylvania Board of Probation and Parole. **See Commonwealth v. Mears**, 972 A.2d 1210, 1212 (Pa. Super. 2009).[2] It notes, however, that these conditions are termed recommendations on the Department of Corrections commitment forms.

We reverse the judgment of sentence in part, as the purported parole conditions are a legal nullity. The court did not have the jurisdiction to impose them, and the Board of Probation and Parole need not honor them. In all other respects, the sentence is valid.

_____

[2] Additionally, Benitez's failure to raise the issue at sentencing or in post-sentence motions does not render it waived. **See id**., at 1211.

Judgment of sentence reversed in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2018