**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELLIOT MADERA, | : | |
| | : | |
| Appellant | : | No. 3598 EDA 2017 |

Appeal from the Judgment of Sentence February 16, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0004301-2014,
CP-15-CR-0004332-2014

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 11, 2019**

Elliot Madera appeals, *nunc pro tunc*, from the judgment of sentence imposed February 16, 2016, in the Chester County Court of Common Pleas. The trial court sentenced Madera to an aggregate term of 30 to 60 years' imprisonment following his jury conviction of four counts of rape of a child and involuntary deviate sexual intercourse ("IDSI"), and two counts of aggravated indecent assault, corruption of minors, and endangering the welfare of a child[1] for the ongoing sexual abuse of his minor stepdaughter when she was under the age of 13.  The court also determined Madera met the criteria for

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(A)(1) and (b), 6301, and 4304, respectively.

classification as a sexually violent predator ("SVP") pursuant to Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA").[2] On appeal, Madera challenges the legality of his sentence with respect to his classification as an SVP and special conditions imposed on his sentence by the trial court, two evidentiary rulings, and the trial court's denial of a motion for a mistrial. Because we agree that both Madera's classification as an SVP and certain sentencing conditions imposed by the trial court were illegal, we are constrained to vacate the judgment of sentence, in part, and remand to the trial court for further proceedings. In all other respects, however, we affirm the judgment of sentence.

In its 153-page supplemental opinion, the trial court provided a detailed recitation of the testimony presented during Madera's trial. **See** Supplemental Trial Court Opinion, 3/9/2018, at 13-125. Accordingly, we need not reiterate the facts underlying Madera's conviction herein. In summary, the victim, Madera's stepdaughter, testified he sexually abused her numerous times at their home over a period of years while she was under the age of 13. Madera was subsequently arrested and charged with numerous sex crimes including rape of a child. Prior to trial, the court denied a motion in *limine* filed by Madera, seeking to introduce evidence at trial of the victim's prior sexual conduct, and granted a motion in *limine* filed by him to exclude any reference to his pretrial incarceration. **See** Order, 11/13/2015; Order, 11/18/2015. The

---

[2] **See** 42 Pa.C.S. §§ 9799.10-9799.41.

case proceeded to a five-day jury trial. On November 20, 2015, the jury found Madera guilty of the above-stated crimes. Prior to sentencing, the trial court directed the Sexual Offender Assessment Board ("SOAB") to perform an assessment of Madera to determine if he met the criteria for classification as an SVP. *See* 42 Pa.C.S. § 9799.24.

On February 16, 2016, the trial court conducted a combined SVP and sentencing hearing. Based on the SOAB's findings, the court determined Madera met the criteria for classification as an SVP, and sentenced him to an aggregate term of 30 to 60 years' imprisonment. In addition to a term of imprisonment, the court ordered Madera to have no contact with the victim or her mother. With respect to the minor son Madera shared with the victim's mother, the court permitted Madera to send one letter per month to the child, and when the child reached the age of 12, to engage in four telephone calls per year if the child agreed. The court also ordered the child could visit Madera when he reached the age of 16. *See* Sentencing Sheet, 2/16/2016. Further, the court prohibited Madera from having contact with any children except at family gatherings in the presence of other adults. *See id.* Madera filed a timely post-sentence motion, which the trial court denied on May 24, 2016. Madera then filed a timely appeal.

Madera's appeal was dismissed by this Court on January 5, 2017, when he failed to file a brief. After requesting and being granted post conviction relief, Madera filed a second, timely notice of appeal *nunc pro tunc* on

November 3, 2017.[3]  The trial court did not order Madera to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), presumably because prior counsel had filed a concise statement following the original appeal.  Nonetheless, on January 18, 2018, Madera filed an application for remand, seeking leave to file a concise statement in the trial court.  This Court granted Madera's application on February 5, 2018, Madera filed a new concise statement on February 26, 2018, and the trial court filed a supplemental opinion on March 9, 2018.

In his first issue on appeal, Madera argues his designation as an SVP is illegal.  Both the Commonwealth and the trial court concede that, under the current state of the law, we must vacate the SVP designation and remand this case so that the trial court can provide Madera with his proper registration notification under 42 Pa.C.S. § 9799.23.  *See* Commonwealth's Brief at 11-14; Supplemental Trial Court Opinion, 3/9/2018, at 4-5.  We agree.

_____

[3] We note Madera was charged and tried under two docket numbers, and his notice of appeal lists both dockets.  In June of 2018, the Pennsylvania Supreme Court in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal." *Id.* at 977 (footnote omitted).  Nevertheless, we note the *Walker* Court specifically announced its decision would be applied prospectively only.  *See Walker*, *supra*, 185 A.3d at 97.  Therefore, because the notice of appeal in the present case was filed before *Walker*, we need not quash this appeal.

Our ruling is based upon two recent appellate court decisions.[4] First, on July 17, 2017, the Pennsylvania Supreme Court held in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), that SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions. Thereafter, on October 31, 2017, a panel of this Court, in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018),[5] recognized that "*Muniz* was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment." *Id.* at 1215. As such, the panel concluded the statutory mechanism for designating a defendant as an SVP set forth in 42 Pa.C.S. § 9799.24(e)(3), which permits a trial court to make the determination based

_____

[4] Although this issue was not raised before the trial court, a challenge to the legality of sentencing may be raised for the first time on appeal, or by an appellate court *sua sponte*. *See Commonwealth v. Batts*, 163 A.3d 410, 434 (Pa. 2017).

[5] The Pennsylvania Supreme Court granted allowance of appeal on the following claim:

> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP")] by extrapolating the decision in [*Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

*Commonwealth v. Butler*, 190 A.3d 581, 582 (Pa. 2018). At this time, however, the *Butler* decision is controlling.

- 5 -

upon clear and convincing evidence, was "constitutionally flawed" pursuant to the United States Supreme Court's decisions in **Alleyne v. United States**, 570 U.S. 99 (2013), and **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Accordingly, the **Butler** panel held: "[T]rial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." **Butler**, **supra**, 173 A.3d at 1218. Therefore, the panel vacated the order designating the defendant as an SVP, and remanded the case to the trial court to determine his proper registration period pursuant to 42 Pa.C.S. §§ 9799.14 and 9799.15. **See id.**

The decision in **Butler** compels the same result here. Accordingly, we vacate the judgment of sentence with respect to Madera's designation as an SVP and his concomitant lifetime registration requirement under SORNA. Furthermore, we remand this case to the trial court to determine Madera's proper registration period, and provide notice to Madera thereof as required by 42 Pa.C.S. § 9799.23.

In his second issue on appeal, Madera asserts the trial court had no authority to impose restrictions on his contact with his biological son both while he is incarcerated and when he is eventually paroled. "The issue of whether the trial court possessed the authority to impose a particular sentence implicates the legality of the sentence." **Commonwealth v. Mears**, 972 A.2d 1210, 1211 n.1 (Pa. Super. 2009).

Again, we are constrained to agree with Madera. To the extent the conditions were intended to apply upon Madera's release on parole, we note

that, because he was sentenced to a maximum term in excess of five years' imprisonment, his "parole would be under the exclusive supervision of the Pennsylvania Board of Probation and Parole ("PBPP") and not the Court of Common Pleas." **Mears**, **supra**, 972 A.2d at 1212. **See also** 61 Pa.C.S. § 6132(a) and 6134(b)(1), (2). Accordingly, the Parole Board will have the sole authority to determine the conditions of Madera's parole, and "any condition the sentencing court purported to impose … is advisory only." **Id.** In **Commonwealth v. Coulverson**, 34 A.3d 135 (Pa. Super. 2011), a panel of this Court concluded the trial court's imposition of a "no contact" restriction with the victims of the defendant's crimes following his release on parole exceeded "the bounds of the court's authority, and [were] subject to vacatur[.]" **Id.** at 142-143. The same is true here.[6]

In the present case, however, the trial court also imposed certain conditions to Madera's contact with his biological children during his period of incarceration. While we have no doubt the trial court's intentions were to protect Madera's children,[7] we find no statutory authority permitting the court to impose special conditions concerning a defendant's contact with his

---

[6] We note the Commonwealth argues we may simply view the court's conditions as "advisory only," and affirm the sentence. Commonwealth's Brief at 16. This position, however, is contrary to the decisions in **Mears** and **Coulverson**, both of which vacated the offending portion of the defendant's sentence. **See Mears**, **supra**, 972 A.2d at 1212; **Coulverson**, **supra**, 34 A.3d at 142.

[7] **See** Supplemental Trial Court Opinion, 3/9/2018, at 136-141.

biological children during his term of imprisonment absent any allegations of sexual contact with those children. Accordingly, we also vacate that part of the sentence which imposed special conditions upon Madera, both while he was incarcerated and after his parole.

Madera's final three issues on appeal are as follows:

III.   Did the trial court err in denying "[Madera's] Motion to Introduce Evidence of Complaining Witness'[s] Prior Sexual Conduct Pursuant to 18 Pa.C.S. § 3104(b)" disallowing [Madera] from showing the complaining witness's motive to fabricate the allegations?

IV.   Did the trial court err in barring the presentation of evidence regarding [Madera's] willingness to submit to a polygraph examination to rebut evidence of [Madera's] consciousness of guilt?

V.    Did the trial court err in failing to grant a mistrial after the Commonwealth's reference to "prison" letters?

Madera's Brief at 5.

It is well settled that "[a] trial court has broad discretion to determine whether evidence is admissible, and [its] ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." **Commonwealth v. Rosser**, 135 A.3d 1077, 1087 (2016) (*en banc*) (citation and some punctuation omitted), *appeal denied*, 168 A.3d 1237 (Pa. 2017). **See also Commonwealth v. Largaespada**, 184 A.3d 1002, 1006 (Pa. Super. 2018) ("[A] trial court's ruling on the admissibility of a sexual abuse victim's prior sexual conduct will be reversed only where there has been a clear abuse of discretion.").

Similarly, "[i]t is within the discretion of the trial court to determine whether a defendant has been prejudiced by misconduct or impropriety to the extent that a mistrial is warranted." *Commonwealth v. Johnson*, 668 A.2d 97, 103 (Pa. 1995). "[A] mistrial is only warranted where the incident upon which the motion is based is of such a nature as to deny the defendant a fair trial." *Id.* (citation omitted).

After an independent review of the record, the parties' briefs, and the relevant statutory and case law, we find the trial court thoroughly addressed and properly disposed of Madera's remaining claims in its March 9, 2018, supplemental opinion. *See* Supplemental Trial Court Opinion, 3/9/2018, at 6-12 (concluding: (1) Madera's proposed evidence regarding the victim's prior sexual conduct was not competent to pierce the Rape Shield Law, because (a) the evidence "would not have exonerated" Madera, (b) the victim did not come forward with the allegations, but rather was reluctant to reveal the abuse, and (c) evidence of prior sexual encounters is not admissible to explain a victim's knowledge of sexual terms; and (2) the probative value of the evidence was "severely outweighed by its prejudicial effect."); 127-129 (concluding Madera was not entitled to introduce evidence he offered to take a polygraph examination since the results would have been inadmissible, and his "professed willingness … to submit to such a test … is merely a self-serving act … which obviously could be made without any possible risk."); 130-134 (concluding Madera was not entitled to a mistrial based upon the prosecutor's unintentional, "single passing reference to prison letters" since "[a]ny

prejudice … was so very slight and did not deny him a fair trial, and, nonetheless, any the error was harmless since the evidence of Madera's guilty was overwhelming"). Accordingly, with respect to these issues, we rest upon the court's well-reasoned bases.

Judgment of sentence affirmed in part, and vacated in part. Special conditions of sentence and designation of Madera as an SVP are vacated. Case remanded for notification to Madera of proper registration requirements under SORNA. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19