J-S28032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY CRUZ | : | |
| | : | |
| Appellant | : | No. 2078 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 4, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001341-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY CRUZ | : | |
| | : | |
| Appellant | : | No. 2079 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 4, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002370-2019

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 08, 2020**

Tony Cruz ("Cruz") appeals from the judgment of sentence entered following his convictions of three counts of rape, four counts of incest, and one count each of rape of a child, incest of a minor, indecent assault – person less than 13 years of age, unlawful contact with a minor, corruption of minors,

indecent exposure, and involuntary deviate sexual assault.[1]  We affirm in part and vacate in part.

In 2019, Cruz was arrested and charged with rape of a child and other related charges, at two separate docket numbers, following allegations that he had sexually abused several of his daughters and nieces from approximately 1984 to 1995, and from 2000 to 2004.  The cases were consolidated for trial.  Following a jury trial, Cruz was convicted of the above-referenced crimes.  The trial court deferred sentencing for the preparation of a pre-sentence investigation report.  On November 4, 2019, Cruz was sentenced to an aggregate term of 26 to 68 years in prison.  During the sentencing hearing, the trial court informed Cruz of his registration requirements under the Sex Offender Registration and Notification Act.[2]  Additionally, the trial court ordered Cruz to have "absolutely no contact" with the victims or their families (hereinafter, the "No-Contact Provision").  N.T. (Sentencing), 11/4/19, at 40.

Cruz filed a timely post-sentence Motion on November 13, 2019, and the trial court denied his Motion on November 18, 2019.  Cruz filed two timely Notices of Appeal, one at each docket number, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

_____

[1] **See** 18 Pa.C.S.A. §§ 3123(a)(1), 4302(a), (b)(2), 3121(c), 3126(a)(7), 6318(a)(1), 6301(a)(1), 3172(a), and 3123(a).

[2] 42 Pa.C.S.A. §§ 9799.51-9799.75.

On appeal, Cruz raises the following issue: "Did the trial court err in imposing a condition of no contact with the victims and their families, where the [trial] court had no jurisdiction to impose this condition, either as a condition of incarceration or as a condition of state parole?" Brief for Appellant at 8.

Cruz argues that the trial court's imposition of the No-Contact Provision exceeded its jurisdiction, as such a condition would be within the exclusive authority of either the Pennsylvania Department of Corrections (the "DOC") or the Pennsylvania Board of Probation and Parole (the "Board"). *Id.* at 13. Cruz relies on DOC regulations that prohibit inmates from corresponding with their victims or a victim's immediate family members, as well as the DOC's prohibition on inmates initiating telephone calls to a victim of their crime. *Id.* at 14-15. Cruz implores us to vacate the portion of the trial court's sentence that prohibits him from contacting the victims or their families. *Id.* at 15.

Cruz challenges the authority of the trial court to impose the No-Contact Provision as part of his sentence. "The issue of whether the trial court possessed the authority to impose a particular sentence implicates the legality of the sentence." *Commonwealth v. Mears*, 972 A.2d 1210, 1211 n.1 (Pa. Super. 2009).

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is

plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001-02 (Pa. Super. 2006) (internal citations omitted).

"[I]t is well settled that the [Board] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years[.]" ***Commonwealth v. Camps***, 772 A.2d 70, 74 (Pa. Super. 2001); ***see also*** 61 Pa.C.S.A. § 6132(a). As a result, the Board has the sole authority to determine the conditions of parole, and "any condition the sentencing court purport[s] to impose … is advisory only." ***Mears***, 972 A.2d at 1212; ***see also Commonwealth v. Coulverson***, 34 A.3d 135, 142-43 (Pa. Super. 2011) (concluding that the trial court's imposition of a provision restricting the defendant from contacting the victims of his crime upon his release on parole was outside of the authority of the trial court); 16 Pa.C.S.A. § 6134(b) (providing that a sentencing court may make a recommendation to the Board concerning the person sentenced, and that any recommendation "respecting the parole or terms of parole of a person shall be advisory only.").

During the sentencing hearing, the trial court did not specify whether it intended for the No-Contact Provision to apply during Cruz's prison term, as a condition of parole, or both. ***See*** N.T. (Sentencing), 11/4/19, at 40. In its Pa.R.A.P. 1925(a) Opinion, the trial court indicates that it imposed the No-

Contact provision during Cruz's prison term.[3]  Pa.R.A.P. 1925(a) Opinion, 1/24/20, at 3.  Additionally, the trial court acknowledges that the No-Contact Provision "should be read as advisory only upon parole."  **Id.**

Regarding the imposition of the No-Contact Provision for the duration of Cruz's prison term, the trial court did not identify, nor can we can find any statutory or other legal authority, to support the trial court's imposition of the No-Contact Provision as a special condition of Cruz's prison sentence.  We emphasize that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction."  **Mears**, 972 A.2d at 1211.

Further, because Cruz was sentenced to a maximum term of more than two years in prison, if Cruz is granted parole, the Board will possess the sole authority to determine the conditions of his parole.  **Id.** at 1212; **Coulverson**, **supra**.  Thus, to the extent that the No-Contact Provision was imposed as a condition of Cruz's future parole, the trial court exceeded its authority in including it in its sentencing scheme, and we must vacate the No-Contact Provision in that regard.  **Mears**, **supra**.   Because Cruz's aggregate sentence has not been disturbed, we need not remand to the trial court for re-sentencing.  **See Commonwealth v. Henderson**, 938 A.2d 1063, 1068 (Pa. Super. 2007) (holding that remanding for re-sentencing is not necessary when

---

[3] We observe that on the last page of the Sentencing Order, titled "Sentencing Conditions Order," the trial court indicated that the No-Contact Provision was a condition of Cruz's sentence.  Sentencing Order, 11/4/19, at 3.

an appeals court vacates a portion of a judgment of sentence, but the aggregate sentence remains identical). The remainder of Cruz's sentence, which he has not challenged on appeal, is otherwise affirmed.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/08/2020