J-A09012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
SHANE ERNEST RICHARDSON　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　:　No. 1555 MDA 2022

Appeal from the Judgment of Sentence Entered October 3, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002693-2021

BEFORE:　BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:　　　　　**FILED: MARCH 21, 2023**

Shane Ernest Richardson appeals from the October 3, 2022 judgment of sentence of four and one-half to seventeen years of incarceration imposed following his convictions for aggravated indecent assault—person less than sixteen years of age and related charges. After careful review, we vacate the sentencing order and remand with instructions.

Over a four-year period between 2008 and 2011, Appellant repeatedly sexually assaulted two sisters, H.M. and K.W., in his home in Lancaster County. On June 21, 2021, Appellant was charged with aggravated indecent assault of a person less than sixteen years of age, indecent assault of a person less than sixteen years of age, and two counts of unlawful contact with a minor. Following a four-day jury trial at which H.M. and K.W. testified, Appellant was convicted of all charges but one count of unlawful contact with a minor. The trial court deferred sentencing so that the Sexual Offender

Assessment Board ("SOAB") could evaluate Appellant and a pre-sentence report could be prepared. The SOAB found that Appellant did not meet the criteria of a sexually violent predator.[1] *See* N.T. Sentencing Hearing, 10/3/22, at 21.

On October 3, 2022, the court imposed an aggregate term of four and one-half to seventeen years of incarceration.[2] *Id*. at 28. The trial court also noted that, while it had no control over what conditions the department of corrections imposed, it recommended that Appellant have no contact with the victims or their family members. *Id*. at 29. Finally, the court ordered Appellant to register as a sex offender for life and to pay $2,834.95 in restitution. *Id*. at 16-21, 31. Although the trial court only offered a recommendation regarding a no-contact condition at the sentencing hearing, the sentencing order directed that Appellant have no contact with the victims and their family members, as follows:

---

[1] Appellant was subjected to lifetime registration requirements under Subchapter I of the Sex Offender Registration and Notification Act ("SORNA") due to his conviction for aggravated indecent assault. *See* 42 Pa.C.S. § 9799.55(b)(2)(i)(A).

[2] Specifically, Appellant received the following sentence: count 1 aggravated indecent assault (H.M.), three to ten years of incarceration; count 2 corruption of minors (H.M.), a concurrent term of one to seven years of incarceration; count 3 corruption of minors (K.W.), a concurrent term of one to seven years of incarceration; count 4 unlawful contact with a minor (H.M.), one to five years of incarceration consecutive to count 1; count 6, indecent assault (H.M.), six months to two years of incarceration consecutive to count one. *See* N.T. Sentencing Hearing, 10/3/22, at 28.

> No Contact: Defendant to have no contact with the victim whatsoever.
>
> No Contact – Victim's Family: Defendant is to have no contact with the victim's family.

*See* Sentencing Order, 10/5/22. Appellant did not file a post-sentence motion. Instead, this timely appeal followed. Both the trial court and Appellant have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the trial court err in ordering, as a condition of [Appellant's] state sentence, that he could have no contact with the victims or their families, where the court had no jurisdiction to impose this condition, as the Pennsylvania Department of Corrections has exclusive authority over state prison conditions, and the Pennsylvania Department of Probation and Parole has exclusive authority over state parole conditions?

Appellant's brief at 5.

Initially, we observe that "[t]he matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality [of the sentence]." *Commonwealth v. Dennis*, 164 A.3d 503, 510 (Pa. Super. 2017) (citation and quotation marks omitted). Furthermore,

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette*, 911 A.2d 998, 1001–1002 (Pa.Super. 2006) (internal citations omitted).

- 3 -

Appellant contends that the trial court did not have the authority to impose a condition that Appellant have no contact with the victims or their families. **See** Appellant's brief at 9-10. We agree.

This Court has held that where the trial court imposes a maximum imprisonment sentence of two or more years, the Pennsylvania Board of Probation and Parole ("PBPP") has exclusive authority over the terms of the defendant's parole. **See** 61 Pa.C.S. § 6132(a); **see also Commonwealth v. Coulverson**, 34 A.3d 135, 141 (Pa.Super. 2011) (recognizing "that 'the [PBPP] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years'") (quoting **Commonwealth v. Mears**, 972 A.2d 1210, 1211 (Pa.Super. 2009)). Further, the authority to impose a non-contact provision as a special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections ("DOC"). **See Commonwealth v. Olivo-Vazquez**, 248 A.3d 463 (Pa.Super. 2021) (non-precedential decision at *4) (finding the trial court lacked statutory authority to impose a non-contact provision as part of an appellant's state incarceration sentence). Therefore, a trial court does not have statutory authority to impose conditions on a sentence of incarceration that exceeds two years, and "'any condition the sentencing court purport[s] to impose on [a defendant's] state parole is advisory only.'" **Coulverson**, **supra** at 141-42; **see also** 61 Pa.C.S. § 6134(b)(1), (2).

Herein, the trial court imposed a sentence of imprisonment greater than two years, giving the DOC and PBPP exclusive authority over the terms of his

incarceration and parole.  **See Coulverson**, **supra** at 141; **see also Olivo-Vazquez**, **supra** at non-precedential decision *4.  Therefore, the sentencing court lacked statutory authority to impose incarceration and parole conditions upon Appellant.  **Id**.  In its Rule 1925(a) opinion, the trial court acknowledges the illegality of the sentence it issued, explaining that the conditions referenced by the court during sentencing were intended to be advisory to the PBPP and that the sentencing order stating otherwise amounted to an "unfortunate discrepancy."  Trial Court Opinion, 12/7/22, at 5-6.  Whatever the reason, no statutory authority exists for the court to impose such a condition.

However, the trial court does have the ability to make recommendations as to the conditions of Appellant's supervision, and it clearly intended to do so in this case.  **See** 61 Pa.C.S. § 6134; Trial Court Opinion, 12/7/22, at 5. Accordingly, we vacate the October 3, 2022 sentencing order and remand for the trial court to enter an order stating its recommendation to the DOC and PBPP.

Sentencing order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023