J-S45011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY LEE MARKEY | : | |
| | : | |
| Appellant | : | No. 320 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 4, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005854-2021

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                **FILED: DECEMBER 31, 2024**

Appellant, Jeffrey Lee Markey, appeals from the judgment of sentence entered December 4, 2023, as made final by the denial of his post-sentence motion on February 2, 2024.  We affirm in part, and vacate in part.

On December 4, 2023, Appellant entered a plea of *nolo contendere* to criminal use of a communication facility and corruption of minors.[1]  The trial court imposed Appellant's sentence that day.  With respect to Appellant's conviction for criminal use of a communication facility, the trial court sentenced Appellant to serve two and one-half to five years' incarceration and attached two conditions: "complete state sex offender treatment and conditions" and "comply with optional special sex offender conditions as it relates to minors and internet." Sentencing Order, 12/4/23, at *1

_____

[1] 18 Pa.C.S.A. §§ 7512(a) and 6301(a)(1)(i), respectively.

(unpaginated) (unnecessary capitalization omitted). With respect to Appellant's conviction for corruption of minors, the trial court sentenced Appellant to two years' probation to be served consecutive to Appellant's term of incarceration. On December 11, 2023, Appellant filed a post-sentence motion, asking the trial court to reconsider the sex offender conditions it attached to the sentenced imposed for criminal use of a communication facility. The trial court denied Appellant's post-sentence motion on February 2, 2024. This timely appeal followed.

Appellant raises the following issue for our consideration.

Did the [trial] court craft an illegal sentence by attaching two conditions to [Appellant's] sentence of state incarceration?

Appellant's Brief at 4.

On appeal, Appellant raises a challenge to the legality of his sentence.[2] It is well-settled that an issue involving "the statutory authority for the imposition of a condition of sentence . . . is a challenge to the legality of the sentence. Challenges to an illegal sentence cannot be waived and may be

_____

[2] A review of Appellant's post-sentence motion reveals that, initially, Appellant considered the aforementioned conditions to be attached to his conviction for corruption of minors and, as such, his probationary sentence. **See** Appellant's Post-Sentence Motion, 12/11/23, at ¶¶ 18-20. Appellant, therefore, did not lodge a challenge to the legality of his sentence in his post-sentence motion. This, however, does not inhibit our review because Appellant's current claim is one rooted in a challenge to the legality of his sentence which cannot be waived on appeal. **Commonwealth v. Mears**, 972 A.2d 1210, 1211 (Pa. Super. 2009) (footnote omitted).

reviewed *sua sponte* by this Court." ***Mears***, 972 A.2d at 1211 (footnote omitted). Moreover,

> [t]he scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Id.*** (quotation omitted).

Herein, Appellant claims that the trial court imposed an illegal sentence with respect to his conviction for criminal use of a communication facility. More specifically, Appellant argues that, by directing Appellant to "complete state sex offender treatment and conditions" and "comply with optional special sex offender conditions as it relates to minors and internet," the trial court erroneously attached conditions to his state sentence. Appellant's Brief at 9 (unnecessary capitalization omitted), *quoting* Sentencing Order, 12/4/23, at *1 (unpaginated). Importantly, on appeal, the Commonwealth "concedes that the [t]rial [c]ourt's order . . . is facially erroneous." Commonwealth's Letter in Lieu of Brief, 10/16/24, at 1.

The trial court, on the other hand, defends the legality of its sentence in its 1925(a) opinion. Initially, the trial court cites to statements it made during Appellant's sentencing which, in its view, demonstrate that the "conditions" referenced by Appellant were merely recommendations made pursuant to 61

Pa.C.S.A. § 6134(1).[3]  ***See*** Trial Court Opinion, 5/2/24, at 7 ("The statement is a clear acknowledgment of both the court's ability to make a recommendation under 61 Pa.C.S.A. § 6134(1) and state parole's ability to disregard it under 61 Pa.C.S.A. § 6134(2).").  Then, the trial court goes on to question whether relief is appropriate even if it did attach conditions to Appellant's state incarceration sentence.  ***See*** Trial Court Opinion, 5/2/24, at 7.  In particular, the court states:

> Because the trial court's order is already a recommendation by operation of [61 Pa.C.S.A. § 6134(1)], this court is concerned about creating appeals where an issue is essentially moot, and the order is a nullity.

***Id.***  at 8.

It is well-settled that, if a trial court sentences an offender to a "maximum term of imprisonment of two or more years," his or her "parole [is] under the exclusive supervision of the Pennsylvania Board of Probation and Parole ("PBPP") and not the Court of Common Pleas."  ***Mears***, 972 A.2d at 1212 (citation omitted).  "Therefore, any condition the sentencing court purport[s] to impose on [the offender's] state parole is advisory only."  ***Id.*** (citation omitted); ***see also Commonwealth v. Coulverson***, 34 A.3d 135,

---

[3] Section 6134 provides, in relevant part, as follows:

> (1) A judge may make at any time a recommendation to the board respecting the offender sentenced and the term of imprisonment the judge believes that offender should be required to serve before parole is granted to that offender.

61 Pa.C.S.A. § 6134(1).

142 (Pa. Super. 2011) (holding that the trial court's "imposition of a 'no contact' restriction . . . following [the appellant's] release on parole" constituted a "purported [attempt] to impose conditions of parole in its sentencing order" that "exceed[ed] the bounds of the court's authority"); **see also** 61 Pa.C.S.A. §§ 6132(a)(1)(i) and 6134(1), (2).

Upon review, we agree with Appellant and the Commonwealth that the trial court fashioned an illegal sentence. Notwithstanding the trial court's claims, it did not simply issue a recommendation to the PBPP. Indeed, the court's written sentencing order states, in relevant part, as follows:

> **Count 3** – 18 [Pa.C.S.A. § 7512(A)] – Criminal Use of Communication Facility (F3)
>
> To be confined for a minimum period of [two y]ears [and six] months and a maximum period of [five y]ears in SCI Camp Hill.
>
> ***
>
> Sex Offender Conditions/Treatment: [Appellant] to complete state sex offender treatment and conditions.
>
> Other: Comply with optional special sex offender conditions as it relates to minors and internet.

Sentence Order, 12/4/23, at *1 (unpaginated) (unnecessary capitalization omitted). Importantly, the "text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed." **Commonwealth v. Borrin**, 80 A.3d 1219, 1226 (Pa. 2013). Because the trial court's order purports to impose compulsory sex offender treatment conditions, this Court must consider the aforementioned conditions to be a part of Appellant's punishment for criminal use of a communication facility, a

state sentence of two years or more.[4]  *See Commonwealth v. Brooke*, 2021 WL 4739063 *1, *5 (Pa. Super. 2021) (non-precedential decision) (explaining that, because the trial court's written sentencing order included the conditions at issue, this Court was required to "consider this record as indicating that the conditions stated by the court are a part of [the a]ppellant's sentence, rather than just advisory suggestions for the PBPP.").  Because the trial court lacked statutory authority to impose such conditions, we vacate that portion of the sentencing order. We affirm Appellant's judgment of sentence in all other respects.

Because our disposition does not otherwise disturb the term of Appellant's incarceration, there is no need to remand for resentencing.  *See Commonwealth v. Thur*, 906 A.2d 552, 569-570 (Pa. Super. 2006).

---

[I] In its 1925(a) opinion, the trial court states that, during sentencing, it "did not specify whether the [challenged] conditions applied to [Appellant's] state sentence [relating to Appellant's conviction for criminal use of a communication facility] or to the consecutive period of probation [relating to Appellant's conviction for corruption of minors]."  Trial Court Opinion, 5/2/24, at 2.  In so doing, the trial court correctly suggests that, if the challenged conditions were attached to Appellant's probationary sentence, the trial court's action would be permissible.  *See* 42 Pa.C.S.A. § 9754(b); *see also Commonwealth v. Koren*, 646 A.2d 1205, 1209 (Pa. Super. 1994) (explaining that "sentencing court can order a no-contact condition on probation").  As stated above, however, the "text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed." *Borrin*, 80 A.3d at 1226.  In this instance, the written sentencing order clearly attaches the challenged conditions to Appellant's sentence for his conviction for criminal use of a communication facility, which is a state sentence. Because the trial court does not have authority to impose such conditions, we are constrained to vacate that portion of the sentencing order.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/31/2024