J-S45009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH PATRICK LAVERTY III | : | |
| | : | |
| Appellant | : | No. 893 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered May 21, 2025
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002318-2024

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                  **FILED: APRIL 20, 2026**

Appellant, Joseph Patrick Laverty, III, appeals from the May 21, 2025 judgment of sentence insofar as it forbade contact with Appellant's four minor children during the pendency of Appellant's state incarceration. We affirm in part and vacate in part.

The record reveals that Appellant was subject to a PFA order forbidding his presence at the home of Kristen Laverty ("Kristen"). Appellant was permitted to contact Kristen only with regard to custody exchanges regarding their children. N.T. Guilty Plea and Sentencing, 5/21/25, at 5. Appellant violated that order on May 27, 2024, and May 28, 2024. During his plea colloquy, Appellant acknowledged the accuracy of the following facts:

---

[*] Retired Senior Judge assigned to the Superior Court.

[O]n or about May 27, 2024, you did come into contact with Kristen's sister, Carolyn Minnick, while [at Kristen's home], that you then stopped to ask her about your children and she told you to leave. That there was a prior court order entered by this court […] which prohibited you from being at [Kristen's home] and that you were only to have contact with [Kristen] about custody of the children.

That the following day, May 28, 2024, that you did go to [Kristen's home] again, [from] which you were excluded. That you came into the home, that you went upstairs and made contact with your daughter […] who was protected and that you were not supposed to be having contact with at [Kristen's] home. And that you broke a door jam in attempt to get her causing damage to it. That you had to be pushed out. And that you did all of this and placed Ms. Minnick, the two minor children who were there, as well as [Kristen] in substantial emotional distress.

*Id.* This was Appellant's eleventh PFA violation. Trial Court Opinion, 8/27/25, at 6.

Pursuant to a plea agreement, Appellant was to plead guilty to one count of stalking (18 Pa.C.S.A. § 2709.1(a)(2)), a third degree felony, and receive a sentence of one to three years of state incarceration, followed by four years of special probation. Appellant was to have no contact with Kristen. *Id.* at 4. The Commonwealth informed Appellant that it intended to ask for a no contact order with regard to the children, but Appellant did not agree to that condition and he opposed it at sentencing. *Id.*

At the conclusion of the plea and sentencing proceeding, the trial court, in part one of its sentence, imposed one to three years of state incarceration in accordance with the plea agreement. N.T. Guilty Plea and Sentencing, 5/21/25, at 14-15. Part one of the sentence also included a condition that

Appellant have no contact with Kristen or any of the four minor children. *Id.* In part two of the sentence, the trial court imposed four years of special probation, to commence upon completion of the prison sentence. *Id.* at 15. The trial court forbade contact with Kristen and the minor children during probation. *Id.* at 19. Thus, the trial court intended to preclude Appellant from contacting the children for an aggregate seven years. At the same proceeding, the trial court revoked Appellant's parole on an unrelated sentence. *Id.* at 17-18.

Appellant filed this timely appeal, in which he presents a single question: "Whether the [trial] court erred in imposing, as a condition of sentence, a prohibition against Appellant having any contact with his four minor children, none of which was a victim in the stalking charge to which he pled guilty." Appellant's Brief at 3. Specifically, Appellant argues that the trial court had no statutory authority to impose a no contact condition in tandem with a sentence of state incarceration. Appellant's Brief at 8-9. This argument implicates the legality of Appellant's sentence. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Hodges*, 193 A.3d 428, 433 (Pa. Super. 2018), *appeal denied*, 202 A.3d 40 (Pa. 2019). "An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." *Id.*

- 3 -

This Court addressed a similar issue in **Commonwealth v. Mears**, 972 A.2d 1210 (Pa. Super. 2009). There, the trial court sentenced the defendant to 30 to 60 months of incarceration and directed that he be subject to random searches of his residence by the Gun Violence Task Force during any period of parole. **Id.** at 1211. The **Mears** Court analyzed the issue as follows:

> [B]ecause the court sentenced Appellant to a maximum term of incarceration of two or more years, Appellant's parole would be under the exclusive supervision of the Pennsylvania Board of Probation and Parole ("PBPP") and not the Court of Common Pleas. 61 P.S. § 331.17, and **see Commonwealth v. Camps**, 772 A.2d 70, 74 (Pa.Super.2001) (holding that "[I]t is well settled that the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years [.]"). Therefore, any condition the sentencing court purported to impose on Appellant's state parole is advisory only. **See** 61 P.S. § 331.18 (A judge in his discretion may make at any time any recommendation he may desire to the board respecting the person sentenced and the term of imprisonment said judge believes such person should be required to serve before a parole is granted to him, but a recommendation made by a judge as aforesaid respecting the parole or terms of parole of such person **shall be advisory only**, and no order in respect thereto made or attempted to be made as a part of a sentence shall be binding upon the board in performing the duties and functions herein conferred upon it.) (emphasis added).

**Id.** at 1212. Because the trial court lacked statutory authority to impose a condition on the defendant's state parole, the **Mears** Court vacated the portion of the sentence imposing the condition, but left the remainder of the sentence in place. **Id.** Since the result in **Mears** did not affect the aggregate sentence, the **Mears** Court did not remand for resentencing. **Id.**

*Mears* is directly on point and controlling here. The Commonwealth concedes as much. Commonwealth's Brief at 1, n.1. The trial court sentenced Appellant to a three-year maximum period of incarceration, thus bringing supervision of the sentence of incarceration within the PBPP. In accordance with *Mears*, the trial court had no authority to impose the no contact condition on that portion of the sentence. Whether or not Appellant can contact his children during any period of parole is within the discretion of the PBPP. We therefore vacate the no contact condition attached to Appellant's state incarceration sentence.

We note that Appellant has not challenged part two of his sentence, that being the four years of special probation following the conclusion of his state incarceration. Thus, our ruling does not affect the no contact condition attached to Appellant's four-year probationary sentence.

In accordance with *Mears*, we discern no need to remand for resentencing. Rather, we vacate the no contact condition attached to Appellant's state incarceration and otherwise leave the judgment of sentence undisturbed.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026