J-S30005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                        :
            v.                         :
                                        :
                                        :
ALBERT EDWARD BROOKE, JR.       : 
                                        :
          Appellant         :   No. 540 MDA 2021

Appeal from the Judgment of Sentence Entered April 21, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000614-2016

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED OCTOBER 12, 2021**

Appellant, Albert Edward Brooke, Jr., appeals from the judgment of sentence of 3½ to 7 years' incarceration, imposed after his term of probation was revoked based on technical violations. Herein, Appellant challenges the discretionary aspects and legality of his sentence. After careful review, we affirm in part, and vacate in part.

On September 20, 2016, Appellant pled guilty to corruption of a minor (COM), 18 Pa.C.S. § 6301(A)(1)(ii), and unlawful contact with a minor (UCM), 18 Pa.C.S. § 6318(A)(4). He was sentenced to 3 to 23 months' incarceration for his COM offense, and a consecutive term of 3 years' probation for his UCM conviction. While serving parole for his COM crime, Appellant violated the conditions thereof. He was resentenced to serve the remaining 10 months'

_____

[*] Retired Senior Judge assigned to the Superior Court.

and 22 days' incarceration for that offense, as well as the consecutive term of 3 years' probation originally imposed for his UCM crime.

Appellant was released on January 20, 2021, and began serving his term of probation. On March 10, 2021, the Dauphin County Adult Probation Department lodged a detainer against Appellant based on his violating the terms of his probation. On April 21, 2021, a revocation hearing was conducted. There, it was established that, while serving his probationary sentence, Appellant

> began corresponding with a woman in a very sexual manner. Appellant inquired about her children and how old they were. These communications were done through Facebook. Appellant was not permitted to use social media. Appellant was [also found to be] in possession of pornography when he was not permitted to possess any type of pornography.

Trial Court Opinion (TCO), 6/30/21, at 2. Based on this conduct, the court revoked Appellant's probation and resentenced him to 3½ to 7 years' imprisonment for his UCM conviction.

Appellant filed a timely post-sentence motion, asserting that the court imposed an unduly harsh sentence without considering his history and characteristics, and without stating adequate reasons on the record to support the sentence. He also claimed that conditions imposed as part of his sentence – namely, that sex-offender conditions apply, Appellant may not use social media, he may not contact minors, and he must submit to a mental health evaluation – are illegal under **Commonwealth v. Mears**, 972 A.2d 1210 (Pa. Super. 2009). **See** Post-Sentence Motion, 4/26/21, at 1-2. The court did not

rule on Appellant's post-sentence motion before he filed a timely notice of appeal within thirty days of his judgment of sentence following the revocation of his probation.[1]  Appellant thereafter complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court filed a Rule 1925(a) opinion.  Herein, Appellant states two issues for our review:

> [I.] Whether the trial court imposed a manifestly excessive [and] unreasonable [sentence], and [committed] an abuse of discretion[,] where the court imposed a sentence of [3½] to [7] years in state prison without considering the history and characteristics of [Appellant]?
>
> [II.] Whether the conditions imposed by the trial court, including, sex[-]offender conditions, no social media, no contact with minors, and a mental health evaluation, are impermissible and illegal sentences[,] as the court imposed a state sentence?

Appellant's Brief at 5 (underlining omitted).

Appellant first contends that the court erred by imposing a term of incarceration for a technical violation of his probation without adequately considering his history and characteristics.  This issue implicates the discretionary aspects of his sentence.

> Such a challenge to the discretionary aspects of a sentence is not appealable as of right.  Rather, [an a]ppellant must petition for

_____

[1] Pursuant to Pa.R.Crim.P. 708(E), Appellant's motion to reconsider did not toll the thirty-day period to file an appeal from the sentence imposed following revocation.  **See Commonwealth v. Parlante,** 823 A.2d 927, 929 (Pa. Super. 2003) ("An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion.").

allowance of appeal pursuant to 42 Pa.C.S.[] § 9781. ***Commonwealth v. Hanson****,* 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issue; (3) whether [the a]ppellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because [an a]ppellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted); ***see also Commonwealth v. Kalichak****,* 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014).

Here, Appellant preserved his claim in his post-sentence motion, and he filed a timely notice of appeal. Additionally, he has included a Rule 2119(f) statement in his brief. Moreover, Appellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms

- 4 -

which underlie the sentencing process.'"); ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) ("[A] claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review[.]"). Accordingly, we will consider the merits of Appellant's sentencing challenge.

Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283–84 (Pa. Super. 2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003).

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.[] § 9771(b). "[U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.[] § 9771(c) provides that once probation has been revoked, a sentence of total

- 5 -

confinement may only be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.[] § 9771(c).

"In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040–1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1282–1283.

*Colon*, 102 A.3d at 1042-44.

Here, Appellant claims that the court fashioned an excessive sentence without taking into account his history and characteristics. However, he does not identify any specific facts about his history, or personal characteristics that he possesses, which call for a lesser sentence. Instead, he focuses his argument on the nature of his technical violation of probation, claiming that the "court failed to consider that Appellant's relationship was with a consenting adult[,]" and that the pornography he possessed was "explicit photographs of

this woman…." Appellant's Brief at 16. He insists that these facts bely the court's conclusion that he poses a risk of reoffending. *Id.*

Appellant did not preserve, in his post-sentence motion or Rule 1925(b) statement, his claim that the facts underlying his technical violation of probation show that he does not pose a risk of reoffending, thus warranting a lesser sentence. He also argues, for the first time on appeal, that "the punitive measures inherent in [the court's] sentencing scheme could have been accomplished with the imposition of a lesser sentence…." Appellant's Brief at 18. Because Appellant did not raise these issues before the sentencing court, or in his Rule 1925(b) statement, they are waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In regard to the claim that Appellant did preserve, *i.e.*, that "the [c]ourt abused its discretion and imposed an unduly harsh, maximum sentence, without considering the history and characteristics of Appellant[,]" we deem his argument meritless. Rule 1925(b) Statement, 5/19/21, at 1

(unnumbered).[2]  Aside from vaguely claiming that his rehabilitative needs called for a lesser sentence, Appellant does not explain exactly what about his history or personal characteristics the court failed to adequately consider. Moreover, the trial court noted that it "presided over Appellant's original sentencing and 2017 revocation.  Thus, [the c]ourt was in possession of the information provided in the original sentencing proceedings, including the Sexual Offender's Assessment Board report."  TCO at 4.  Accordingly, the record supports that the court was aware of Appellant's history and characteristics.  The court explains that it fashioned his sentence of imprisonment because "he violated his terms of probation twice by engaging in risky behavior that puts him at risk for reoffending.  [The c]ourt found a term of incarceration necessary to prevent Appellant from reoffending."  **Id.** Appellant has not convinced us that the court's sentencing decision was an abuse of discretion.

Next, Appellant claims that the conditions imposed by the court as part of his sentence are illegal.  In support, he relies on our decision in **Mears** for the proposition that the Pennsylvania Board of Probation and Parole (PBPP) has the exclusive authority to determine the conditions of a defendant's parole.  **See Mears**, 972 A.2d at 1212.  Appellant insists that he "is subject

---

[2] Appellant also raised, in his Rule 1925(b) statement and in his Statement of Questions Presented, that the court did not state sufficient reasons on the record for his sentence.  **See id.**; Appellant's Brief at 5.  However, he offers no argument on that claim in his brief, thus abandoning it for our review.

to the jurisdiction of the Department of Corrections and all conditions issued by the trial court are invalid as an illegal sentence." Appellant's Brief at 21.

Initially, we observe that "[t]he matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality [of the sentence]." *Commonwealth v. Dennis*, 164 A.3d 503, 510 (Pa. Super. 2017) (citation and quotation marks omitted). Furthermore,

> [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette*, 911 A.2d 998, 1001-02 (Pa. Super. 2006) (citations omitted).

This Court has held that where the trial court imposes a maximum imprisonment sentence of two or more years, the PBPP has exclusive authority over the terms of the defendant's parole. *See* 61 Pa.C.S. § 6132; *see also Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa. Super. 2011) (recognizing "that 'the [PBPP] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years'") (quoting *Mears*, 972 A.2d at 1211 (additional citation omitted)). Therefore, a trial court does not have statutory authority to impose conditions on a state parole sentence, and "'any condition the sentencing court purport[s] to impose on [a defendant's] state parole is advisory only.'" *Coulverson*, 34 A.3d at 141-42 (quoting *Mears*, 972 A.2d at 1211 (additional citation omitted)); *see also* 61 Pa.C.S. § 6134(b)(1), (2). However, unlike

- 9 -

the statutes relating to total confinement, section 9754(b) of the Sentencing Code authorizes trial courts to impose conditions on a defendant's probation sentence. *See* 42 Pa.C.S. § 9754(b); *see also Commonwealth v. Koren*, 646 A.2d 1205, 1209 (Pa. Super. 1994) (stating that a "sentencing court can order a no-contact condition on probation," as long as "that condition is reasonably calculated to aid in the defendant's rehabilitation").

In this case, Appellant was not sentenced to probation and, because the court imposed a sentence of imprisonment greater than two years, the PBPP has exclusive authority over the terms of his parole. Therefore, the sentencing court lacked statutory authority to impose parole conditions upon Appellant. In its Rule 1925(a) opinion, the trial court explains that "the conditions referenced by this [c]ourt during sentencing were advisory to the [PBPP]." However, the court did not merely 'reference' suggested parole conditions at the revocation and resentencing hearing. Instead, the court explicitly stated that it was ordering those conditions. *See* N.T. Revocation/Resentencing, 4/21/21, at 9-10. Moreover, the court's written sentencing order states as follow:

> AND NOW, this 21st day of April 2021, on Count 3, we will do three and a half to seven years in state prison, a fine of $50 plus costs. We will order the sex offender conditions. We will order absolutely no Facebook, social media, or any device. We will order absolutely no contact with children under 18, any child. We will order the … sex offender special conditions, as well as state parole sex offender conditions. We will give him the time credit of nine months and three days, June 6th of 2020 to January 20th of [20]21; and March 2 of [20]21 to today's date.

- 10 -

Sentencing Order, 4/21/21, at 1 (entered on 4/28/21). In an abundance of caution, we must consider this record as indicating that the conditions stated by the court are part of Appellant's sentence, rather than just advisory suggestions for the PBPP. Because no statutory authority exists for the court to impose such conditions, we vacate that portion of the court's sentencing order, and affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence affirmed in part, vacated in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021